JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas C. Boscarino, Chapter 7 Trustee

## DEFENDANTS
People's United Bank, N.A.

**(b)** County of Residence of First Listed Plaintiff: Hartford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fairfield
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zeisler & Zeisler, P.C., 10 Middle St., 15th Floor, Bridgeport, CT 06604

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1409(d)

Brief description of cause:
Common law conversion and conversion pursuant to C.G.S. § 42a-3-420

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/02/2015

SIGNATURE OF ATTORNEY OF RECORD: /s/ Stephen M. Kindseth

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS C. BOSCARINO, CHAPTER 7
TRUSTEE,

        Plaintiff,        Case No. __

v.

PEOPLE'S UNITED BANK, N.A.,

        Defendant.

## COMPLAINT

Thomas C. Boscarino, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Whitehall Avenue, LLC (the "Debtor"), for his Complaint (the "Complaint") against People's United Bank, N.A. ("People's"), hereby alleges upon information and belief as follows:

### PRELIMINARY STATEMENT

1. By this action, the Trustee seeks to recover for conversion both under the common law and Conn. Gen. Stat. § 42a-3-420 arising on account of People's payment of three checks to the Debtor and/or a certain public adjuster. The checks were drafted by Scottsdale Insurance Company ("Scottsdale") as compensation for losses paid pursuant to a certain insurance policy obtained from Scottsdale by the Debtor. Ittleson Trust 2010-1 ("Ittleson") was specifically included on each of the checks as a joint payee. Ittleson held a mortgage against the Debtor's property that suffered the loss and was a loss payee under the insurance policy. Despite the fact that the three checks were not endorsed by Ittleson, People's made or obtained payment

with respect to the checks to the Debtor and/or the public adjuster. Ittleson did not receive any payment on account of those checks. Consequently, the Trustee, as Ittleson's assignee with respect to the causes of action alleged herein, is entitled to recover the full amount of the subject checks from People's for the benefit of the Debtor's bankruptcy estate.

## JURISDICTION

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a "non-core" proceeding related to a case under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") pursuant to 28 U.S.C. § 157(c)(1).

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 and 1409. This action is commenced in the District Court in this District pursuant to 28 U.S.C. § 1409(d) since the causes of action alleged herein arose from the operation of the business of the Debtor after the commencement of the Debtor's case.

## PARTIES

5. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

6. People's is a federally chartered stock savings bank with its principal place of business in Bridgeport, Connecticut.

## BACKGROUND

7. On May 13, 2012 (the "Petition Date"), the Debtor filed its voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court, District of Connecticut ("Bankruptcy Court").

8. On October 6, 2014 (the "Conversion Date"), the Bankruptcy Court entered an Order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code.

9. On the Conversion Date, the United States Trustee (the "UST") for the District of Connecticut appointed the Trustee as the Chapter 7 trustee for the Debtor's bankruptcy estate.

### Ittleson's Entitlement to Receive Insurance Payments

10. On or about December 18, 2007, the Debtor executed a certain Promissory Note (the "Note") in the original principal amount of $4,584,000.00 in favor of CIT Lending Services Corporation ("CIT").

11. The Note was secured by a certain Mortgage and Security Agreement (the "Mortgage"), executed by the Debtor on December 18, 2007, in favor of CIT, encumbering, *inter alia*, a certain property, along with the buildings and improvements on such property, known as 9 Whitehall Avenue, Stonington, Connecticut (the "Property"), all personalty owned by the Debtor and used on the Property, and payments made with respect to any damage or decrease in value to the Property.

12. At all times relevant herein, the Debtor owned and operated the Property as a hotel known as the Quality Inn Mystic (the "Quality Inn").

13. Pursuant to the Mortgage, the Debtor granted, transferred, assigned, and conveyed to CIT with mortgage covenants and upon the statutory condition, *inter alia*, "[a]ll awards, payments or other amounts, including interest thereon, which made be made with respect to the [Property]."

14. The Mortgage required the Debtor "to keep the [Property] insured against loss or damage by fire or other casualty," and "against the risk of rental or business interruption at the Premises."

15. The Mortgage further provided that "[l]oss under all such insurance shall be payable to Mortgagee in accordance with this paragraph, and all such insurance policies shall be endorsed with a standard, non-contributory mortgagee's clause in favor of Mortgagee."

16. Prior to the Petition Date, CIT assigned its interest in the Note and Mortgage to Ittleson.

17. Ittleson was at all times relevant herein the owner and holder of the Note and Mortgage.

18. At all times relevant herein, the Debtor was insured against the Loss (as defined below) by a certain Commercial Property Insurance Policy provided by Scottsdale, Policy No. CFS0201540 (the "Policy").

19. The Policy provides that Scottsdale "will pay for direct physical loss of or damage to the Covered Property at [the Property] caused by or resulting from any Covered Cause of Loss."

4

20.  Ittleson is identified as a "Mortgage Holder" under the Policy, and pursuant to the express terms of the Policy, Ittleson was contractually entitled to receive all payments from Scottsdale under the Policy for any covered loss or damage to the Building (as defined in the Policy).

**Damage to the Hotel and Payments to the Debtor**

21.  On or about Monday, October 29, 2012, the Debtor sustained significant damage to the Property and other harm caused by Super Storm Sandy (the "Loss").

22.  The Debtor promptly notified Scottsdale of the Loss, and negotiated with Scottsdale and/or its agents through the public adjuster, United Adjusters, LLC ("UA").

23.  Scottsdale issued certain checks to the Debtor and/or UA under the terms of the Policy as a result of the Loss.

24.  On or about January 22, 2013, Scottsdale issued a check on account of the Loss in the amount of $100,000.00 (the "January 22 Check").

25.  The January 22 Check named the Quality Inn, the Debtor, Ittleson, the Office of the U.S. Trustee, and UA as joint payees. Thus, the January 22 Check was not properly payable without the endorsements of all the payees.

26.  Ittleson did not endorse the January 22 Check.

27.  The Debtor and/or UA presented the January 22 Check to People's for payment.

28.  People's made or obtained payment with respect to the January 22 Check to the Debtor and/or UA.

29.  Ittleson did not receive payment on the January 22 Check.

5

30. Scottsdale issued a further check on account of the Loss on or about May 7, 2013 in the amount of $500,000.00 (the "May 7 Check").

31. The May 7 Check named the Quality Inn, the Debtor, Ittleson, and UA as joint payees. Thus, the May 7 Check was not properly payable without the endorsements of all the payees.

32. Ittleson did not endorse the May 7 Check. Someone placed the mark "I--- T---" on the back of the May 7 Check. This mark bore no representative identity and did not constitute a signature or endorsement.

33. UA and/or the Debtor presented the May 7 Check to People's for payment.

34. People's made or obtained payment with respect to the May 7 Check to the Debtor and/or UA.

35. Ittleson did not receive payment on the May 7 Check.

36. On or about November 18, 2013, Scottsdale issued a check on account of the Loss in the amount of $514,284.30 (the "November 18 Check").

37. The November 18 Check named the Quality Inn, the Debtor, Ittleson, and UA as joint payees. Thus, the November 18 Check was not properly payable without the endorsements of all the payees.

38. Ittleson did not endorse the November 18 Check.

39. The Debtor and/or UA presented the November 18 Check to People's for payment.

40. People's made or obtained payment with respect to the November 18 Check to the Debtor and/or UA.

41. Ittleson did not receive payment on the November 18 Check.

**Assignment of Causes of Action to the Bankruptcy Estate**

42. The Trustee and Ittleson subsequently reached a compromise and settlement of Ittleson's various claims and interests in the Debtor's bankruptcy estate.

43. Accordingly, on January 16, 2015, the Trustee moved for approval of the compromise and settlement he had reached with Ittleson which the Bankruptcy Court thereafter approved by its Order Pursuant to Fed. R. Bankr. P. 9019 Authorizing and Approving the Compromise and Settlement of Controversy with Ittleson Trust 2010-1 ("Approval Order") entered January 22, 2015.

44. Pursuant to the Approval Order, Ittleson assigned to the Debtor's bankruptcy estate "any and all right, title and interest Ittleson may hold on account of only (i) the Loss; (ii) the Policy; and/or (iii) their proceeds, and any and all claims and causes of action arising from, or related to, or in connection with, any such Loss, Policy or their proceeds, as the case may be" (the "Assignment").

## COUNT I
### Conversion (Common Law)

1-414. Paragraphs 1 through 44 of the Complaint are incorporated by reference into this Count as if fully set forth herein.

45. Despite the fact that the January 22 Check and the November 18 Check named Ittleson as a joint payee and were not endorsed by Ittleson, People's made or obtained payment with respect to them to the Debtor or UA.

46. Also, despite the fact that the May 7 Check named Ittleson as a joint payee and Ittleson's signature was forged and/or constituted an inadequate and improper endorsement, People's made or obtained payment with respect to the May 7 Check to the Debtor or UA. (The January 22 Check, the November 18 Check, and the May 7 Check are referred to herein collectively as the "Unendorsed Checks".)

47. People's actions in making or obtaining payment with respect to the Unendorsed Checks constituted an unauthorized assumption and exercise of the right of ownership over the property of Ittleson to the exclusion of Ittleson's property rights.

48. Ittleson has been damaged as a result of the actions of People's.

49. By virtue of the Assignment, the Trustee is entitled to recover such damages from People's.

## COUNT II

### Conversion pursuant to Conn. Gen. Stat. § 42a-3-420

1-49. Paragraphs 1 through 4949 of the Complaint are incorporated by reference into this Count as if fully set forth herein.

50. Because the Unendorsed Checks were not endorsed by Ittleson, People's made or obtained payment with respect to an instrument to persons and/or entities not entitled to enforce the instrument or receive payment.

51.     People's actions in making or obtaining payment with respect to the Unendorsed Checks constitute conversion of instruments pursuant to Conn. Gen. Stat. § 42a-3-420.

52.     Ittleson has been damaged as a result of the actions of People's.

53.     By virtue of the Assignment, the Trustee is entitled to recover such damages from People's.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee requests that this Court grant him the following relief against People's:

 A. Monetary damages;

 B. The amounts payable on the Unendorsed Checks;

 C. Pre-judgment interest at the maximum legal rate from the date of the harm complained of to the date of judgment herein;

 D. Post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs; and

 E. Such other and further relief as the Court deems just and proper.

Dated Bridgeport, Connecticut this 2nd day of June, 2015.

                              THOMAS C. BOSCARINO, CHAPTER 7
                              TRUSTEE FOR THE BANKRUPTCY ESTATE
                              OF WHITEHALL AVENUE, LLC

By:   */s/ Stephen M. Kindseth*
       Stephen M. Kindseth (ct14640)
       John L. Cesaroni (ct29309)
       Zeisler & Zeisler, P. C.
       10 Middle Street, 15th Floor
       Bridgeport, CT  06604
       Tel: (203) 368-4234
       Fax: (203) 367-9678
       Email: skindseth@zeislaw.com
       His attorneys